**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL T. CAREY, et al., | No. CIV S-06-1265-FCD-CMK |
| Plaintiffs, | |
| vs. | <u>ORDER</u> |
| SHASTA COUNTY, | |
| Defendant. | |
| _____/ | |

Plaintiffs bring this civil action, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331. Pending before the court is plaintiffs' complaint (Doc. 1), filed on June 9, 2006. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. <u>See</u> 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action

1  "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because
2  plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint
3  pursuant to § 1915(e)(2). Pursuant to Rule 12(h), the court will also consider as a threshold
4  matter whether it has subject-matter jurisdiction.
5       In their pro se complaint, plaintiffs name as the only defendant Shasta County.
6  Plaintiffs invoke the court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiffs
7  allege that the Shasta County Recorder – Cris Andrews – falsified the public record, thereby
8  causing them injury. They state that they presented a claim for $25,000,000.00 in damages to
9  the Shasta County Board of Supervisors, but that the claim was not paid. Plaintiffs seek to have
10 this court oversee a ". . . peaceful, judicial foreclosure and final settlement" of their damages
11 claim.
12       As to the court's subject-matter jurisdiction, while plaintiffs state that the action
13 proceeds under the court's federal question jurisdiction, there is nothing in the complaint to
14 suggest a violation of any federal law or of plaintiffs' rights under the federal constitution.
15 Nowhere in the complaint do plaintiffs cite to a federal statute or constitutional provision.
16 Rather, the complaint references alleged fraud and potential violations of state law. Thus, it does
17 not appear that federal question jurisdiction exists. Plaintiffs will, however, be given an
18 opportunity to amend the complaint to allege a basis for this court's jurisdiction.
19       The complaint is also deficient with respect to asserting liability against the only
20 named defendant which is a municipal entity. A local government unit, such as a county, may
21 not be held responsible for the acts of its employees or officials under a respondeat superior
22 theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus,
23 municipal liability must rest on the actions of the municipality, and not of the actions of its
24 employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege
25 that the violations complained of resulted from a policy or custom of the municipality. See id.
26 A claim of municipal liability is sufficient to withstand dismissal even if it is based on nothing

more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988). In this case, the plaintiffs have not alleged any policy or custom of Shasta County.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiffs are entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiffs are informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiffs amend the complaint, the court cannot refer to the prior pleading in order to make plaintiffs' amended complaint complete. See Local Rule 15-220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

Finally, plaintiffs are warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint, filed on June 9, 2006, is dismissed with leave to amend; and

2. Plaintiffs shall file a first amended complaint within 30 days of the date of service of this order.

DATED: June 16, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE