1

2

3

4

5

6

7

8     **IN THE UNITED STATES DISTRICT COURT**

9     **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL T. CAREY, et al.,                    No. CIV S-06-1265-FCD-CMK

12              Plaintiffs,

13        vs.                                    FINDINGS AND RECOMMENDATIONS

14    SHASTA COUNTY,

15              Defendant.

16    _____/

17              Plaintiffs bring this civil action, invoking the court's federal question jurisdiction

18    under 28 U.S.C. § 1331.[1]  Pending before the court is plaintiffs' first amended complaint (Doc.

19    6), filed on June 9, 2006.   The court is required to screen complaints brought by prisoners

20    seeking relief against a governmental entity or officer or employee of a governmental entity.  See

21

22        [1]    In addition to this case and several actions brought by the Internal Revenue
      Service to enforce tax summonses, plaintiffs here are (or were) also involved in the following
23    other litigation in this district:

24        United States v. Carey, Case No. CV S-05-2176-MCE-CMK, pending;

25        Carey v. IRS, Case No. CV S-98-1540-LKK-PAN, dismissed; and

26        Carey v. IRS, Case No. CV S-98-1539, LKK-PAN, dismissed.

1

1  28 U.S.C. § 1915A(a).  The court is also required to screen complaints brought by litigants who

2  have been granted leave to proceed in forma pauperis.  See 28 U.S.C. § 1915(e)(2).  Under these

3  screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous

4  or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary

5  relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B)

6  and 1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court

7  must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject

8  matter . . . ."  Because plaintiffs have been granted leave to proceed in forma pauperis, the court

9  will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also

10  consider as a threshold matter whether it has subject-matter jurisdiction.

11          In their pro se first amended complaint, plaintiffs name as the only defendant

12  Shasta County.  Plaintiffs assert no specific basis for jurisdiction.[2]  Plaintiffs allege that the

13  Shasta County Recorder – Cris Andrews – falsified the public record, thereby causing them

14  injury.  They state that they presented a claim for $25,000,000.00 in damages to the Shasta

15  County Board of Supervisors, but that the claim was not paid.  Plaintiffs seek to have this court

16  oversee a ". . . peaceful, judicial foreclosure and final settlement" of their damages claim.

17          As to the court's subject-matter jurisdiction, there is nothing in the first amended

18  complaint to suggest a violation of any federal law or of plaintiffs' rights under the federal

19  constitution.  Nowhere in the complaint do plaintiffs cite to a federal statute or constitutional

20  provision.  Rather, the first amended complaint references alleged fraud and potential violations

21  of state law.  Plaintiffs were advised of these same defects with respect to their original

22  complaint, yet plaintiff's have not cured this defect in their amended pleading.   Thus, it does not

23  appear that federal question jurisdiction exists.

24  _____

25          [2]        Plaintiffs specifically invoked the court's federal question jurisdiction under 28
    U.S.C. § 1331 in their original complaint.  That language has been deleted from the first
26  amended complaint.

1        The first amended complaint also references 28 U.S.C. §§ 2041 and 2042,

2   apparently as a basis for jurisdiction.  Those provisions, however, govern the deposit and

3   withdrawal of moneys paid into the district court in the context of a pending or adjudicated

4   action.  They do not, in and of themselves, provide a basis for this court to exercise its limited

5   subject matter jurisdiction.

6        Put simply, and without commenting on the merits of plaintiffs' claims, this court

7   does not have the jurisdiction to entertain the matter.

8        Based on the foregoing, the undersigned recommends that this action be

9   dismissed without prejudice to plaintiffs' ability to seek relief from the appropriate state court

10  and/or agency.

11       These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Failure to file objections within the specified time may waive

16  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  DATED:  August 16, 2006.

19

20                                          _____

                                          **CRAIG M. KELLISON**
21                                          UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

3